## SUPREME COURT—IN BANCO.

*Allen, Ch. J., Hartwell and Austin, J. J.*

Thomas F. Martin *vs.* Edward H. Boyd.

A NEW TRIAL will not be granted for WANT OF EVIDENCE if there is evidence to sustain the VERDICT, "unless it is apparent that the jury have misunderstood or totally disregarded the instructions of the Court, or have neglected properly to consider the facts and have

Thomas F. Martin *v.* Edward H. Boyd.

overlooked prominent and essential points in the evidence so that substantial justice has not been done."

Motion to set aside verdict and grant a new trial.

Mr. Justice AUSTIN delivered the opinion of the Court, ALLEN, Ch. J., and HARTWELL, J., concurring.

This is an action brought by the plaintiff against the defendant, for damages on account of an alleged assault and battery, committed by the defendant against the plaintiff, on the 4th day of July last. The jury rendered a verdict for the defendant, and the plaintiff now asks the Court to set aside the verdict and to grant a new trial, on the ground that the verdict of the jury was against the law and the evidence.

It is a well recognized principle that a new trial should not be granted, unless the verdict of the jury is clearly and manifestly against the instructions of the Court, and contrary to the weight of evidence; and the authority of the Court to grant a new trial ought to be exercised with great caution and discretion.

In the case before us, the testimony of two of the witnesses clearly shows that an assault and battery was committed by the defendant upon the plaintiff, and no testimony was offered by the defendant to contradict the evidence of these two witnesses. In fact, from the testimony of the only witness of the defendant, a clear and decided case of assault and battery was established.

The defendant endeavored to show that the words spoken by the plaintiff at the defendant's house were of a nature to provoke the defendant, but this was not clearly established by the evidence. Words spoken are by no means a justification for an assault and battery, although they may be considered by the jury as a mitigating circumstance in the assessment of damages. Such were the full and clear instructions of the Court to the jury.

The Court will not set aside a verdict as against the evidence because it might, upon an examination of the

evidence, have arrived at a different result from that found by the jury; but where it is apparent that the jury have misunderstood or totally disregarded the instructions of the Court, or have neglected properly to consider the facts, and have overlooked prominent and essential points in the evidence, so that substantial justice has not been done, the verdict will be set aside. Wendall *vs.* Safford, 12 N. H. 171. Thomas *vs.* Hatch, 3 Sumner, 170.

It is sufficient to support the present motion that the weight of the evidence and the instructions of the Judge who presided at the trial were not in accordance with, and were opposed to the verdict.

The verdict must be set aside and a new trial granted.

Messrs. Jones and Thompson for plaintiff.

Messrs. Judd and Stanley for defendant.

Honolulu, November 18th, 1868.